UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ASHLEY OUELLETTE

   Plaintiff,

vs.                                    CIVIL ACTION NO.:

INFINITY PETS AND COMPANY,
LLC, KATHLEEN CLEMENS AND
ANNA THOMPSON

   Defendants

## COMPLAINT

### INTRODUCTION

Plaintiff Ashley Ouellette asserts claims for unpaid overtime wages and unpaid minimum wages on behalf of herself under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), and unpaid wages and minimum wages under Florida state law against Defendants Infinity Pets and Company, LLC, Kathleen Clemens and Anna Thompson, individually, (collectively "Defendants") due to Defendants' actions of: (1) failing to pay her one and one-half times her regular rate of pay for all hours worked in excess of 40 hours per week; (2) failing to pay her at a rate of pay equal to the federal

minimum wage rate for all hours she worked; (3) failing to pay her at a rate of pay equal or greater to Florida's minimum wage for all hours worked; and (4) failing to pay her all wages she was owed at the time she stopped working for Defendants. In so doing, Defendants acted in a coordinated and calculated scheme and, with a common practice and purpose, deliberately and willfully violated Plaintiff's rights under the FLSA, the Florida Minimum Wage Act and the Florida Unpaid Wages Act. Finally, Plaintiff brings a claim for retaliation under Florida's Anti-Retaliation Act.

## JURISDICTION

1. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Northern District of Florida is where "a substantial part of the events or omissions giving rise to the claim occurred . . . ."

## PARTIES

3. Plaintiff Ashley Ouellette was at all times material hereto was a resident of the State of Florida and worked for Defendants performing dog training, grooming and pet sitting services, beginning in 2018. She worked for Defendants in this manner until June of 2022.

4. Named Defendants herein are:

    a. Infinity Pets and Company, LLC a Florida corporation authorized to do and doing business in the State of Florida and in the Northern District of Florida during the time periods complained of herein.

    b. Kathleen Clemens, co-owner of Infinity Pets and Company, LLC who regularly conducted business in person in this State. Kathleen Clemens was directly involved in the policies complained of herein and is alleged to be liable as Plaintiff's joint employer under the FLSA.

    c. Anna Thompson, co-owner of Infinity Pets and Company, LLC who regularly conducted business in person in this State. Anna Thompson was directly involved in the policies complained of

herein and is alleged to be liable as Plaintiff's joint employer under the FLSA.

## PLAINTIFF IS COVERED BY
## THE FAIR LABOR STANDARDS ACT

5. Defendants are in the business of providing dog training, grooming and pet sitting services. Defendants do significant business in Northwest Florida and have headquarters in Crestview, Florida.

6. Plaintiff was hired by Defendants to perform in home dog training, grooming and pet sitting services in 2018.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. Specifically, Plaintiff utilized materials and equipment that originated outside the State of Florida to perform her job and utilized interstate wires to communicate and make other transactions as a routine part of her job while employed by Defendants.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

11. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## FACTUAL BACKGROUND

14. In 2018, Defendants retained Plaintiff to perform in home dog training, grooming and pet sitting services.

15. Initially, she was paid as a W-2 employee, but without changing her job duties or title, Defendants misclassified her as a 1099 independent contractor.

16. However, under federal and state law, Plaintiff was not an independent contractor.

17. Specifically, Defendants were responsible for hiring, firing, supervising, issuing payment to Plaintiff and implementing the employment and payroll policies complained of herein and Plaintiff was economically dependent upon Defendants.

18. Plaintiff was paid by Defendants on a commission basis, receiving a percentage of the cost of each of the per pet services she performed for Defendants.

19. In 2019, Plaintiff also took on the duties of what Defendants characterized as a Training Department Manager. Plaintiff did not actually manage persons in this role but handles various administrative tasks.

20. She was supposed to be paid $12.00 per hour for that task.

21. Over the course of her employment with Defendants, Plaintiff performed approximately 100 hours of this administrative work for Defendants, but she was not paid for the time she spent performing those tasks.

22. Moreover, when providing training, grooming and pet sitting services for Defendants, Plaintiff regularly and routinely worked in excess of 40 hours per week for Defendants, averaging 16 hours a day for 7 days per week spent either caring for dogs that were being pet sit in her home or training dogs for Defendants at her home.

23. When Plaintiff's actual hours worked are considered – averaging 112 hours per week – a cursory review of her pay stubs reveals that her hourly rate of pay fell well below federal minimum wage rate of $7.25

Case 3:22-cv-19553-RV-HTC   Document 1   Filed 10/04/22   Page 7 of 15

per hour and the Florida minimum wage rate of $8.46 to $10.00 per hour for the time she worked for Defendants.

24. Moreover, despite the fact that Plaintiff regularly and routinely worked in excess of 40 hours per week for Defendants, Defendants did not pay her at a rate of pay in excess of one and one-half her regular rate of pay for each hour in excess of 40 per week she worked.

25. In June 2022, Plaintiff ceased her employment with Defendant,

26. In this manner, Defendants have failed to pay Plaintiff in accordance with the FLSA's overtime and minimum wage provisions and Florida's Minimum Wage statute.

27. Over the course of her employment with Defendants, Plaintiff had multiple occasions to observe Defendants engaging in actions detrimental to the health and welfare of the dogs in their care, including, but not limited to refusing to treat serious health conditions, boarding animals in unsanitary and unsafe conditions, and engaging in actions constituting animal abuse.  More than one dog died while in Defendants' care as a result of these actions. And these actions clearly ran afoul of the animal welfare provisions of Florida state law.

28. Plaintiff repeatedly protested these actions and refused to participate in them.

7

29. Upon learning of Plaintiff's refusal to participate and pushing back on their unlawful practices, Defendants began to retaliate against her by delaying her paychecks for days at a time.

30. Finally, in June 2022, Plaintiff ceased working for Defendants. At that time, she demanded payment of all wages she was owed.  To date, Defendants have refused to pay all of these wages to her.

**COUNT I: CLAIM FOR VIOLATION OF FEDERAL OVERTIME WAGE REQUIREMENTS**

31. Defendants are employers covered by the overtime wage mandates of the FLSA, and Plaintiff was entitled to be paid overtime under the FLSA.

32. Defendants violated the FLSA by failing to pay Plaintiff the legally mandated overtime rate of pay for every hour that she worked in excess of 40 per week.

33. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if she was exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that she was not exempt.

34. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

35. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the federally mandated overtime rate of pay for all hours worked in excess of 40 per week when they knew, or should have known, such was and is due.

36. Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered lost overtime wages plus liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

### COUNT II: VIOLATION OF THE FLSA'S MINIMUM WAGE PROVISIONS

39. Defendants are employers covered by the overtime wage mandates of the FLSA, and Plaintiff was entitled to be paid at a rate of pay greater than or equal to the federal minimum wage under the FLSA.

40. Defendants violated the FLSA by failing to pay Plaintiff the federally mandated minimum rate of pay for every hour that she worked.

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if she was exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that she was not exempt.

42. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the federally mandated minimum rate of pay for all hours she worked when they knew, or should have known, such was and is due.

44. Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered lost overtime wages plus liquidated damages.

46. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## CONSENT

47. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## ATTORNEY'S FEES

48. Plaintiff is entitled to an award of prevailing party attorney's fees pursuant to the FLSA. 29 U.S.C. § 201-209.

### COUNT III: VIOLATION OF FLORIDA'S MINIMUM WAGE PAYMENT ACT: FLA. STAT. 448.109

49. For the duration of the time Plaintiff worked for Defendants, Florida's mandatory hourly minimum wage was between $8.46 to $10.00 per hour.

50. However, a cursory review of Plaintiff's hours worked and pay stubs reveals that she was not paid the Florida minimum wage rate for every hour that she worked for Defendants.

51. Plaintiff made written demand upon Defendants for these unpaid minimum wages repeatedly. However, to date Defendants have not paid these wages.

### COUNT IV: VIOLATION OF FLORIDA'S WAGE PAYMENT ACT

52. In addition to the unpaid minimum wages owed to her under the law, Defendants have failed to pay Plaintiff funds in excess of the Florida minimum wage that she is owed.

53. Despite repeated requests for payment, Defendants have refused to pay these funds.

54. Plaintiff is entitled to recover her unpaid wages, plus attorneys' fees and costs pursuant to Florida Statute 448.08

## COUNT V: VIOLATION OF FLORIDA'S ANTI-RETALIATORY PROVISIONS

55. Florida Statutes 448.102   prohibits an employer from taking "any retaliatory personnel action against an employee because the employee has:… (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

56. Florida Statutes 448.101(5) defines "Retaliatory personnel action" means the discharge, suspension, or demotion by an employer of an employee or ***any other adverse employment action taken by an employer against an employee in the terms and conditions of employment.*** (emphasis added)

57. Here, upon Plaintiff's refusal to participate in actions by Defendants that violated Florida's laws governing the welfare of animals, Defendants deliberately and intentionally retaliated against her by delaying her paychecks, often by several days in direct violation of Florida Statutes 448.102.

58. Plaintiff is entitled to recover all damages incurred due to Defendants' retaliation against her, plus attorneys' fees and costs pursuant to Florida Statutes 448.104.

## JURY DEMAND

59. Plaintiff requests a jury trial on all matters so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ashley Ouellette prays that Defendants be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff and against Defendants for all damages reasonable in the premises, and demands a judgment containing the following:

  a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime and minimum wage provisions of the FLSA;

  b. Enjoining Defendants from engaging in future overtime wage and minimum wage pay or other FLSA violations;

  c. Awarding Plaintiff overtime compensation for the hours worked for Defendants in excess of 40 per week;

  d. Awarding Plaintiff liquidated damages in an amount equal to the overtime wage compensation award;

e. Awarding Plaintiff the minimum wage owed to her under the FLSA;

f. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage compensation award;

g. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h. Awarding Plaintiff all unpaid Florida minimum wage she is owed;

i. Awarding Plaintiff attorneys fees and costs for having to file suit to recover unpaid Florida minimum wages;

j. Awarding Plaintiff all unpaid wages to which she is entitled under Florida law;

k. Awarding Plaintiff attorneys fees and costs for having to file suit to recover her unpaid wages;

l. All damages owed to Plaintiff, including attorneys' fees and costs, due to Defendants' retaliation against her for refusing to participate in unlawful activities.

m. Awarding Plaintiff pre-judgment interest; and

n. Awarding Plaintiff all other relief to which he is entitled.

Dated: October 4, 2022

Respectfully submitted,

/s/ *Mary Bubbett Jackson*

Mary Bubbett Jackson, (FL Bar No. 100852)
**JACKSON+JACKSON**
1992 Lewis Turner Blvd, Suite 1023
Fort Walton Beach, Florida 32547
T: (850) 200-4594
F: (888) 988-6499
E: mjackson@jackson-law.net
Attorney for Plaintiff